187 So. 284

## Succession of GRIVAUD.

### No. 35001.

Feb. 6, 1939.

Adam H. Harper and A. E. Blackmar, both of New Orleans, for appellant.

Felix J. Puig, of New Orleans, James O'Connor, Asst. Atty. Gen., and Chas. I. Denechaud and Ernest J. Robin, both of New Orleans, for appellees.

O'NIELL, Chief Justice.

This is an appeal from a judgment dismissing an opposition to the final account of a testamentary executor. The opposition is in the nature of an ordinary suit against the executor, in which the plaintiff or opponent, Ralph Fichet, claims that the succession of the deceased, John Grivaud, owes him $12,580. The executor denies that the succession of Grivaud owes Fichet anything. The gravamen of Fichet's complaint is a charge that, in a certain transaction by which Grivaud acquired Fichet's interest in a lot and building in New Orleans, on September 9, 1919, Grivaud misrepresented the value of Fichet's interest in the property and thereby defrauded him. Fichet's claim is made up of the alleged value of his interest in the property at the time of the transaction, $2,500, and the rentals alleged to have been collected by Grivaud, said to be $10,080. The executor and the residuary legatees filed exceptions of no cause or right of action, pleas of prescription, and pleas of estoppel. The case was tried and submitted on these issues, and on certain admissions of fact; and the pleas were sustained.

The property, in which Fichet claims that he was defrauded of his interest, is a lot and building on Bourbon street at the corner of Orleans street, in New Orleans. Title to the property came from the succession of Mrs. Catherine O'Leary Grivaud, who died on May 10, 1893. She had two children, namely, John Grivaud, whose succession is the defendant in this suit, and Marie Grivaud, who married Joseph Fichet, and died, intestate, on April 1, 1880, leaving one child, namely, Marie Fichet. After the death of Marie Grivaud Fichet, the surviving husband, Joseph Fichet, married Justine Braud. The only child of that marriage was Ralph Fichet, who is the opponent and appellant in this case. Joseph Fichet died, intestate, on September 7, 1902.

It appears, therefore, that Mrs. Catherine O'Leary Grivaud was survived by two forced heirs, namely, her son, John Grivaud, and her granddaughter, Marie Fichet,.

representing her mother, Marie Grivaud Fichet, deceased. Mrs. Catherine O'Leary Grivaud left a will, in which she bequeathed three-fourths of her estate to her son, John Grivaud, and one-fourth to her granddaughter, Marie Fichet. The will was probated on May 21, 1894. Marie Fichet was never married. She died, intestate, on March 8, 1918, leaving as her only heir, her half-brother, Ralph Fichet, the opponent and appellant in this case. John Grivaud died on April 17, 1936, and this suit, or opposition to the executor's account, was filed by Ralph Fichet on July 25, 1936.

On August 19, 1919, Ralph Fichet signed a notarial act of renunciation of his interest in the succession of his half-sister, in favor of John Grivaud. Thereafter, Ralph Fichet formally accepted the succession of his half-sister; and, on September 9, 1919, he sold to John Grivaud his interest in the succession, which interest consisted of his one-fourth interest in the lot and building in New Orleans. The sale was made by authentic act, in which the price was said to be $100 paid in cash and the assumption and payment by John Grivaud of debts owed by the succession of Marie Fichet exceeding in amount $900. It was recited in the deed that the property conveyed was the one-fourth interest which Fichet had inherited from his half-sister, Marie Fichet, and which she had acquired by the will of her grandmother, Mrs. Catherine O'Leary Grivaud. And it was recited also in the deed that John Grivaud had acquired the three-fourths interest in the property by the will of his mother, Mrs. Catherine O'Leary Grivaud.

The opponent's allegation that there was fraud in the sale dated September 9, 1919, is simply that he relied upon the representations of John Grivaud to the effect that the interest of Marie Fichet in the property which she owned jointly with John Grivaud was of little or no value; and that he, Ralph Fichet, therefore, sold his interest in the property to John Grivaud for only $100,—there being no debts owed by the succession of Marie Fichet. The opponent avers that he did not know the true value of the property or discover the misrepresentation in that respect until he consulted a lawyer, soon after the death of John Grivaud, in 1936.

▮ These allegations, to the effect that John Grivaud misrepresented the value of Ralph Fichet's interest in the property, do not set forth a cause or right of action to annul the sale on the ground of fraud. In article 1847 of the Civil Code is a definition of fraud, and a list of rules governing the question of invalidity of contracts on account of fraud. The third of these rules is stated thus:

"3. A false assertion as to the value of that which is the object of the contract, is not such an artifice as will invalidate the agreement, provided the object is of such a nature and is in such a situation that he, who is induced to contract by means of the assertion, might with ordinary attention have detected the falsehood; he shall then be supposed to have been influenced more by his own judgment than the assertion of the other."

The property which was the object of the contract in this instance was of such a nature and in such a situation that Ralph Fichet must have known as much about its value as John Grivaud knew. It consisted of a lot and a building, used as a business establishment, on a conspicuous corner in the Vieux Carré, and only about seven blocks from the very centre of the principal commercial district in the city in which both parties lived. Fichet's allegation, in that respect, stated precisely, is that, on the death of John Grivaud, he employed counsel to ascertain what rights he had in the property, and that an investigation disclosed that the representations which John Grivaud had made at the time of the sale, to the effect that the interest of Marie Fichet in the property was of little or no value, was untrue. It is not certain whether this allegation means that the representation was untrue in regard to the value of the whole property or was untrue in regard to the extent of Marie Fichet's interest in the property. In so far as the allegation has reference to the value of the whole property, the allegation is rendered worthless by the provisions of article 1847, No. 3, of the Civil Code, which we have quoted; and in so far as the allegation has reference to the extent of Marie Fichet's interest in the property, the allegation amounts to nothing because it is not alleged that the counsel whom Ralph Fichet consulted after the death of John Grivaud, in 1936, informed Fichet of any fact that he did not know at the time when he sold his interest in the property to John Grivaud.

In this connection the opponent contends that the legacy given by Mrs. Catherine O'Leary Grivaud to her son, John, exceeded the disposable portion of her estate and was therefore subject to reduction. If the legacy was subject to reduction Marie Fichet's right of action to reduce it became barred by prescription during her lifetime, and, if that is not so, then Ralph Fichet's right of action to reduce the legacy—if he ever had the right—became barred by prescription after the death of Marie Fichet. It is alleged in the petition of the opponent that Marie Fichet was about 13 years of age when her grandmother died, in 1893; hence Marie Fichet arrived at the age of majority in or about the year 1901; and she lived until 1918. There was a period, therefore, of about 17 years in which Marie Fichet neglected to sue for a reduction of the legacy bequeathed by her grandmother to John Grivaud. After the death of Marie Fichet, Ralph Fichet, if he had the right to sue for a reduction of the legacy, neglected to sue for a period of 18 years. According to article 3542 of the Civil Code, the following actions are barred by the prescription of five years: An action for the nullity or rescission of a contract, testament or other act; an action for the reduction of an excessive donation; and an action for the rescission of a partition and the guarantee of the portions. This prescription was pleaded and the plea was sustained.

The opponent contends that, as Marie Fichet was a minor at the time when her grandmother's succession was opened,

in 1894, it was the duty of John Grivaud to have a tutor appointed to represent the minor. According to article 310 of the Civil Code, the responsibility in that respect rested not upon John Grivaud but upon the father of Marie Fichet. It was his duty to be confirmed as natural tutor of Marie Fichet if there was any necessity for having a tutor to represent her interest. It is alleged also by the opponent that Marie Fichet was notoriously insane, and that it was the duty of John Grivaud to have her interdicted and to have a curator appointed to protect her interests. These allegations are matters of no importance because it is not alleged that Marie Fichet's interest was neglected in any way, or that she ever suffered any loss by reason of her being not represented by either a tutor or a curator. In fact it is not alleged that she ever made any transaction with regard to her estate. If she had ever made any transaction that might have been deemed invalid on the ground of her being insane, the validity of the transaction could not be contested now, because there was no proceeding to interdict her during her lifetime. Article 403 of the Civil Code declares that, after the death of a person, the validity of his or her acts cannot be contested on the ground of insanity, unless the person was judicially pronounced an interdict, or was sued to be interdicted, during his or her lifetime, or unless the insanity manifested itself within ten days previous to the death, or unless the insanity is proven by the act itself which is contested.

The appellant contends that, if the sale which he made to John Grivaud on September 9, 1919, is not subject to rescission on the ground of fraud or error, it is subject to rescission for lesion beyond moiety, under article 1861 of the Civil Code. In this connection the appellant contends that, as the sale which he made to John Grivaud put an end to their joint ownership of the property, the transaction was in effect a partition, and not a sale. Hence he pleads that, under articles 1406 and 1861 of the Civil Code, the transaction is subject to rescission on the ground that the price which he received was less than the value of his interest in the property, to the extent of a fourth of its value. In that connection the opponent pleads that John Grivaud would be estopped now to contend that the succession of Marie Fichet owed debts, which John Grivaud assumed and paid, as a part of the price of her interest in the property; because, when the opponent, Ralph Fichet, asked to be sent into possession of the estate of Marie Fichet unconditionally, he alleged that the succession owed no debts, and John Grivaud was one of the parties who made an affidavit that the allegations of the petition were true. The allegation in Ralph Fichet's petition to be sent into possession of the estate of Marie Fichet, that her estate owed no debts, was connected immediately with the allegation "and an administration of her estate is unnecessary." That meant merely that the estate owed no such debts as required the expense of an administration. It was not inconsistent, therefore, for John Grivaud and Ralph Fichet to declare, as they did declare, nineteen days

afterwards, in the deed by which Fichet sold his interest in the estate to John Grivaud, that a part of the consideration for the sale was $900 of debts which Grivaud assumed and paid. It is likely that he had assumed these debts and it is possible that he had actually paid them when he made the affidavit that the estate of Marie Fichet owed no debts. These allegations, however, in the present suit, with regard to the price which John Grivaud paid to Ralph Fichet for his interest in the estate of Marie Fichet, are made in support of Fichet's alternative demand for a rescission of the sale on the ground of lesion; which demand is barred by the prescription either of four years, under articles 1876 and 2595 of the Civil Code, or of five years, under article 1413,—according to whether the transaction should be considered as a sale or as a partition. Our opinion is that the transaction was a sale. But there is no necessity now for characterizing the transaction either as a sale or as a partition, because nearly fifteen years elapsed from the date of the transaction to the date of the filing of this suit, or opposition to the executor's account. It is true that article 1413 of the Civil Code declares that the prescription of five years against a suit to rescind an act of partition on the ground of fraud or error begins only from the time of the discovery of the fraud or error. But, as we have pointed out, the allegation of fraud or error, with regard to Fichet's ignorance of the value of the property, is, on its face, not well founded, according to rule No. 3 of article 1847 of the Civil Code. Both the prescription of four years and the prescription of five years were pleaded in bar of the opponent's alternative demand for a rescission of the contract for lesion; and the delay in the bringing of the demand makes either plea well founded.

■ The appellant cites article 1407 of the Civil Code, which declares that a sale by an heir of his interest in the succession to a coheir shall be subject to rescission if it be proved that the buyer alone knew the value of the succession and permitted the seller to remain in ignorance of it. In the first place, we doubt that Ralph Fichet and John Grivaud should be considered as having been coheirs. Ralph Fichet was not an heir of Mrs. Catherine O'Leary Grivaud, from whom John Grivaud inherited; nor was he an heir of Marie Fichet, from whom Ralph Fichet inherited. But that is a matter of no importance, because, as we have pointed out, the property which was the object of the contract which is now attacked was of such a nature and in such a situation that Ralph Fichet, "with ordinary attention",— as the 3rd rule in article 1847 of the Civil Code puts it,—might have known as much about the value of the property as John Grivaud knew. Article 1407 of the Civil Code, therefore, is not applicable to this case.

■ The executor and the residuary legatees, in this case, pleaded finally that, if Ralph Fichet's suit, or opposition, was not otherwise barred by prescription, it was barred by the prescription of ten years under article 2221 of the Civil Code. This plea is well founded. The article of the Code declares, in substance, that, in all

cases in which an action to annul or rescind an agreement is not barred by a shorter term of prescription than ten years, the action is barred by the prescription of ten years. The article declares also that, in cases of error or deception, the term of ten years commences from the day on which the error or deception is discovered. But, as we have said and repeated, there is no such allegation of the discovery of an error or deception, in this case, as will stand the test of rule No. 3 of article 1847 of the Civil Code.

The judgment is affirmed.