WILLIAM F. WOODS, Judge.
This is an action by Irene Hooper, widow of Joseph Emile, an 84-year old colored woman, against John E. Ruiz to annul the sale of a house and lot located at 2609 Son-iat Street in the City of New Orleans. The plaintiff relies on two grounds for an annulment of the sale, the first being that her signature to the act of sale was obtained by fraud and error in that she thought she was signing an act of mortgage at the time *480 and on the further ground of lesion beyond moiety.
The only question in the case is whether the plaintiff has proven her claim by a preponderance of the evidence. The trial court was of the opinion she had not done so and rejected her demands. From this judgment the plaintiff has perfected this appeal.
The sale under attack was executed before David Earl Hogan, a Notary Public for the Parish of New Orleans, on October 11, 1956. The recited consideration was the assumption of three prior mortgages against the property, as follows:
(1). A mortgage for $2,800.00 dated June 19, 1956 by act before Frank P. Lucía, a Notary Public for the Parish of Orleans.
(2). A mortgage for $4,000.00 dated September 14, 1956 by act before Frank P. Lucia.
(3). A mortgage for $2,013.00 dated April 17, 1946 by act before Gerson Z. Tolmas, a Notary Public, on which the balance due was approximately $400.00.
It appears from the evidence that the Division of Housing Improvements of the City of New Orleans sent a notice to the plaintiff on October 25, 1955, notifying her this property was below the standard required by that office and listed two pages of defects which needed correction. Thereafter, the plaintiff executed the mortgage note for $2,-800.00, which the defendant purchased from her for $2,000.00, for which he gave his check. The plaintiff strenuously denied the receipt of this check or any money therefor. This testimony was adequately refuted by that of the defendant and Mr. Gilbert J. Fortier, an expert examiner of questioned documents, who examined the endorsement on the check in question and reached the conclusion it was written by the plaintiff herself.
On September 14, 1956, the plaintiff executed the mortgage note in the sum of $4,-000.00, for which she claimed she received nothing in return. This contention was denied by the defendant, who testified he gave the plaintiff the sum of $3,000.00 in cash, for which discounted sum he purchased the mortgage note.
It is established beyond question that the defendant paid off the balance due on the $2,013.00 note, which amounted to the sum of $312.75.
It is well established in our jurisprudence that fraud is never presumed and must be supported by competent evidence; Howard v. Howard, La.App., 96 So.2d 345. See also Sanders v. Sanders, 222 La. 233, 62 So.2d 284, and cases cited therein.
The notaries before whom the mortgages and the act of sale were passed testified these instruments were read to the plaintiff and full explanation thereof made to her at the time of execution. On behalf of the plaintiff the only testimony bearing upon the issue of fraud is her own, unsupported and uncorroborated by any other evidence.
In addition, the record shows the plaintiff paid the defendant $50.00 per month rent for four years after the sale. The defendant also collected rent from the tenants of two other apartments, into which he had converted plaintiff’s one-family dwelling, without any objection from the plaintiff.
Upon the basis of the records, we think the plaintiff has failed to prove her right to annulment of the sale on the ground of fraud.
Our basic law defining lesion beyond moiety is found in LSA-C.C. Articles 1860 and 1861. The latter article provides, inter alia, that the vendor in the sale of immovable property is entitled to relief if the price given is less than one-half of the value of the thing sold. The method of proof of lesion is set forth in LSA-C.C. Article 1870, which requires the party alleging le *481 sion to prove the value of the property sold, “ * * * on the state in which it was at the time of the contract, * * * ”, and to show by how much the price given was less than such value.
The only testimony on the question of the value of the property was given by Mr. Ivy A. Smith, an expert real estate appraiser, who testified he had never seen the property until the day before the trial, which was held on May 8, 1961, more than four years after the sale. He testified at that time the lot was worth $4,500.00 and the improvements thereon were worth between $5,500.00 and $6,000.00. Other evidence in the record conclusively shows at the time of the sale in 1956 the house needed numerous repairs, had no inside plumbing, no electricity, no gas, and was a one-family dwelling. At the time of Mr. Ivy’s appraisal, the property had been converted into apartments by the defendant with four rooms and two baths on one side and two rooms and one bath on the other side, with a concrete slab porch, concrete steps and a new foundation.
Lesion beyond moiety must be proved beyond a reasonable certainty and there must be clear and exceedingly strong evidence that the price given was less than one-half the value of the property. The party alleging lesion has the burden of proving it; Hemenway Furniture Co. v. Corbett, 126 So.2d 666, and authorities cited therein.
There being no evidence whatsoever in this record to establish, in the words of LSA-C.C. Art. 1870, “ * * * the value of the property sold, in the state in which it was at the time of the contract, * * * ”, plaintiff’s claim of lesion must fall.
Therefore, the judgment of the lower court is affirmed at the cost of plaintiff-appellant.