SAVOY, Judge
(dissenting).
This case involves a suit by a divorced wife against her husband to set aside a conventional partition between the parties on the ground of lesion.
The burden of proving values of property in a lesion suit lies upon the person alleging lesion. The proof must be clear and exceedingly strong to set aside a sale or partition because of lesion. Madden v. Madden, (La.App., 2 Cir., 1952), 56 So.2d 760; Hemenway Furniture Company v. Corbett, (La.App., 3 Cir., 1961), 126 So.2d 666; and Emile v. Ruiz, (La.App., 4 Cir., 1962), 144 So.2d 479.
The majority opinion affirming the trial court, found that there was lesion in the instant case in that plaintiff received approximately $7,000.00 less than required to sustain the partition in view of LSA-C.C. Article 1861, Section 1, which states:
“1. In partition where there is a difference in the value of the portions to more than the amount of one-fourth to the prejudice of one or (of) the parties;”
The writer of this dissent is of the opinion that the trial court and the majority of this Court fell in error in (1) placing too great a value on accounts receivables, used cars and automobile parts; and (2) not allowing defendant more than 2% as a contingent liability on $450,000.00 or $9,000.00, which amount defendant assumed by the act of partition. This amount is represented by notes which defendant had sold to loan companies and financial institutions, and *437 which he guaranteed payment thereof by endorsing said notes with recourse.
Mr. Burt A. Fieber testified on the above matters. He is president of the State Automobile Dealers Association, and is also Commissioner for the Sixth District of the Louisiana Motor Vehicle Commission. He has held that position for eight years, and one of his duties is to review the financial statements of the dealers in his area.
Mr. Fieber testified that in 1961 the used car market was soft; that in 1961 Pitre Motor Company financial statement showed it owned 34 used cars and 11 trucks; that the vehicles were worth between 20% and 50% of their listed value. He said book value meant nothing in a financial statement. He also testified that auto parts, regardless of their book value, are worth about $.10 on the dollar. He also stated that the accounts receivable shown on the financial statement were worth considerably less than shown in ■said statement.
The next item for consideration is contingent liability assumed by defendant on $450,000.00, represented by notes endorsed by him. The trial court allowed him 2% ■or $9,000.00 credit against this account. Defendant had a reserve with the finance companies and banks which averaged about 31/2%. Some financial institutions required of defendant a 4% reserve; others did not require any.
The Chevrolet dealer from Ville Platte testified that he was very conservative in making sales of cars to prospective buyers, and that many sales which he turned down were accepted by the defendant as Ford •dealer in Ville Platte.
In view of the condition of the used car market, this writer is of the opinion that a 2% allowance on a $450,000.00 item was not realistic, and that under the evidence, the district court should háve allowed defendant at least 5% to 6% credit for said contingent liabilities.
There is no showing that defendant was guilty of fraud or misrepresentation in executing the act of partition, and even the majority found only a difference of $7,000.-00 on a sum exceeding $500,000.00 when the accounts receivable, auto parts and used cars and contingency liability on the notes are considered.
For the reasons assigned, I respectfully dissent from the majority opinion.