376 So.2d 517 (1979)
Richard Joseph CORTEZ
v.
Julia Antoinette Virgadamo CORTEZ.
No. 10633.
Court of Appeal of Louisiana, Fourth Circuit.
October 4, 1979.
Rehearing Denied November 19, 1979.
*518 Garland R. Rolling, Metairie, for Richard Joseph Cortez, plaintiff-appellant.
A. Russell Roberts, Graffagnino, Perez & Roberts, Metairie, for Julia A. V. Cortez, defendant-appellee.
Before REDMANN, LEMMON and BOUTALL, JJ.
BOUTALL, Judge.
The single issue presented on this appeal is whether a suit for the rescission of a voluntary partition on the ground of lesion is controlled by the four year limitation in Civil Code Article 1876 or the five year limitation of Civil Code Article 1413.
After judgment of separation from bed and board, Richard Cortez and Julia Virgadamo Cortez signed a document entitled "Settlement of Community" wherein they declared that they desired to "settle and liquidate the property which comprised the community of acquets and gains that formerly existed between them" and then transferred those assets, together with assumptions of appropriate mortgages, to each other. We determine the document to be a partition of property jointly owned. See L.C.C. Article 2406 and Articles 1289 and 1382.
Richard Cortez brought a suit to rescind the voluntary notarial act of partition on account of lesion, L.C.C. 1397 and 1398, filing suit more than four years but less than five years from the date of execution of the act of partition. Julia Cortez filed an exception of prescription on the basis of L.C.C. Article 1876, that actions for lesion are limited to four years from date of the contract. The exception was maintained and Richard Cortez appealed. It is his contention that the limitation against filing suit is governed by the prescription of five years provided in L.C.C. Article 1413 in suits for the rescission of partition.
While a reading of these two articles would indicate that confusion or conflict could arise when a suit is brought for rescission of partition on the basis of lesion, it becomes apparent upon examination of the chapters and sections of the Civil Code dealing with these two matters, that the five year prescription for partition suits applies. We are unaware of any prior judicial declaration definitive of this issue, but there are indications in the jurisprudence that our courts have recognized this in dicta to be the correct application of the law. See Succession of Grivaud, 192 La. 181, 187 So. 284 (1939); Middle Tennessee Council, Inc., Boy Scouts of America v. Ford, 205 So.2d 867 (La.App. 1st Cir. 1968); and Marcello v. Marcello, 178 So.2d 416 (La.App. 1st Cir. 1965), writ refused 248 La. 435, 179 So.2d 275 (1965).
In support of our conclusion we point out that Article 1413 is located in a chapter dealing exclusively with partitions and particularly Section 7-Of the Rescission of Partition. The section begins with Article 1397 which provides that partitions may be rescinded for radical vices, and Article 1398, on account of lesion. The next article, 1399 provides for the application of rescission in the cases of minors, interdicts and absentees. The section then discusses the various rights which may be involved and concludes with Articles 1413 and 1414, which we quote:
"Art. 1413. Suits for the rescission of partitions are prescribed by the lapse of five years from the date thereof, and in case of error and fraud, from the day in which they are discovered."
*519 "Art. 1414. This prescription, in case of lesion, runs against minors as well as against persons of age, when the partition has been made judicially and with all the forms prescribed by law."
The general format of that section and the wording of the latter two articles demonstrate an intention to specifically provide five year prescription for rescission of partitions based on lesion.
The prescriptive article applying to lesion specifically is Article 1876 which we quote:
"Art. 1876. Actions for lesion are limited to four years, to date from the time of the contract between the persons of full age, and from the age of majority in contracts of minors."
This article is located in the title dealing with conventional obligations, Chapter 2-Of the requisites to the formation of a valid agreement, § 10-Of lesion. That section deals with all of the possible cases of lesion and sets out regulations governing them. Lesion is defined in Article 1860, and then those instances where persons of the age of majority and under no incapacity may seek relief are set out. Appellee argues that unless the prescription set out in Article 1876 was applicable to all of these cases, it would make no sense to include, for example, the section on partition found in Article 1861. We cannot agree. The section treats of all of the cases in which lesion may be applicable and Article 1876 sets out the prescription applicable generally. We consider that the intent of the Code is to provide a special exception to that general rule by the provision of the five year prescription for partition rescission. Of some persuasion to this conclusion we note the reiteration in the Civil Code in Article 3542:
"The following actions are prescribed by five years:
* * * * * *
"That for the recission of partitions and guarantee of the portions."
For the reasons above, we conclude that the intent of the Civil Code is to provide for the five year prescription of Article 1413 for suits for the rescission of partitions based on lesion. We are further led to this conclusion by the practical and equitable aspects of the situation. Whatever else the law should be, it should be certain. A person seeking a determination of his right to sue in this case could easily be confused by the apparent conflict between the two prescriptive articles. Presuming that such a conflict does exist, it would appear that justice would be served by the application of the longer period of prescription, that of five years.
Accordingly, we reverse the judgment of the district court and overrule the exception of prescription. We remand this matter to the trial court for further proceedings consistent herewith.
REVERSED AND REMANDED.