385 So.2d 476 (1980)
Sylvia BLOUNT
v.
Eldon Roy BLOUNT, Sr.
No. 13272.
Court of Appeal of Louisiana, First Circuit.
May 5, 1980.
Writ Refused June 13, 1980.
*477 Michael W. Lee, Livingston, for plaintiff.
Ralph L. Roy, Baton Rouge, for defendant.
Before ELLIS, EDWARDS and PONDER, JJ.
PONDER, Judge.
In this suit for specific performance, defendant appealed. The issues are the validity of the community property settlement, lesion and prescription.
We affirm.
Plaintiff and defendant, wife and husband, were legally separated in 1968. They entered into a notarized agreement by which, among other things, defendant agreed to convey all of his interest in the immovable property to plaintiff upon her assuming all mortgage payments. Plaintiff paid the mortgage. When defendant refused to convey the property upon demand, she sued for specific performance.
Defendant asserts that the agreement was insufficient to be effective as a community property settlement and was invalid because of lesion.
We conclude that the agreement was intended to be a community property settlement and that any ambiguity has been cured by action of the parties.
The agreement can be attacked for lesion. Beatty v. Vining, 147 So.2d 37 (La. App. 2nd Cir. 1962). C.C. Art. 1861(1).[1] However, prescription has accrued by the lapse of four years. C.C. Art. 1876.[2]
Furthermore, there was no proof of the values of the community and of the immovable at the time the instrument was signed. To prove lesion the evidence must be clear and exceedingly strong. Alexander v. State, Dept. of Hwys., 342 So.2d 1201 (La.App. 2nd Cir. 1977). Emile v. Ruiz, 144 So.2d 479 (La.App. 4th Cir. 1962).
*478 Therefore, the judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.
NOTES
[1] C.C. Art. 1861(1):

"The law, however, will not release a person of full age, and who is under no incapacity, against the effect of his voluntary contracts, on account of such implied error or imposition, except in the two following cases:
1. In partition where there is a difference in the value of the portions to more than the amount of one-fourth to the prejudice of one or [of] the parties;
* * *"
[2] C.C. Art. 1876:

"Actions for lesion are limited to four years, to date from the time of the contract between the persons of full age, and from the age of majority in contracts of minors."