451 So.2d 145 (1984)
Lionel A. BERNARDI, Jr.
v.
Mary Ann Bernardi CHESSON.
No. 83-CA-0649.
Court of Appeal of Louisiana, First Circuit.
May 30, 1984.
*146 Gerald A. Stewart, New Orleans, Charles Schrader, Houma, for plaintiff and appellant.
Louis Heyd, Jr., New Orleans, for defendant and appellee.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
EDWARDS, Judge.
This action calls for determination of the prescriptive period applicable to suits seeking rescission of community property partitions on the basis of lesion.
Lionel A. Bernardi, Jr., and Mary Ann Bernardi (now Mary Ann Bernardi Chesson) were judicially separated on January 30, 1978. On April 4, 1978, the parties entered into a community property agreement. They entered into a supplemental community property agreement on April 25, 1978.
On December 30, 1982, Lionel Bernardi filed the instant action, seeking to set aside the community property agreements on the basis of lesion. Mary Ann Chesson's exception of prescription was maintained by the trial court. The trial court concluded that the four-year prescriptive period of arts. 1876 and 2595 of the Louisiana Civil Code were applicable. Since plaintiff's suit was filed four years and eight months after the last settlement, the court concluded that his action had prescribed.
Lionel Bernardi has appealed the judgment of the district court. He contends that the trial court erred in failing to apply the five-year prescriptive period of art. 1413 of the Louisiana Civil Code.
The competing Civil Code articles relied upon by the parties to this action provide as follows:
"Art. 1413. Suits for the rescission of partitions are prescribed by the lapse of five years from the date thereof, and in case of error and fraud, from the day in which they are discovered.
"Art. 1414. This prescription, in case of lesion, runs against minors as well as against persons of age, when the partition has been made judicially and with all the forms prescribed by law.
"Art. 1876. Actions for lesion are limited to four years, to date from the time of the contract between the persons of full age, and from the age of majority in contracts of minors.
"Art. 2595. Actions for recission [rescission] of sales on account of lesion beyond moiety must be commenced within four years. These four years, with respect to minors, begin only from the day they become of age. With respect to persons of full age, they begin from the day of the sale.
"Art. 3542. The following actions are prescribed by five years:
"That for the nullity or rescission of testaments or other acts.
"That for the reduction of excessive donations.
"That for the rescission of partitions and guarantee of the portions.
"This prescription only commences against minors after their majority."[1]
The issue for determination is which of the above prescriptive periods is applicable to an action to rescind a partition of community property on the basis of lesion.
*147 The Louisiana Fourth Circuit Court of Appeal was confronted with this identical problem in Cortez v. Cortez, 376 So.2d 517 (La.App. 4th Cir.1979). In Cortez, the husband brought an action to rescind a partition of community property more than four years, but less than five years, after the execution of the partition. The defendant wife filed an exception of prescription based upon the four-year prescriptive period of arts. 1876 and 2595. The trial court maintained the exception of prescription, but the court of appeal reversed, holding that the five-year prescriptive period of art. 1413 was applicable.
We find the Fourth Circuit's reasoning in reaching that conclusion to be quite persuasive and quote from it extensively:
"In support of our conclusion we point out that Article 1413 is located in a chapter dealing exclusively with partitions and particularly Section 7Of the Rescission of Partition. The section begins with Article 1397 which provides that partitions may be rescinded for radical vices, and Article 1398, on account of lesion. The next article, 1399 provides for the application of rescission in the cases of minors, interdicts and absentees. The section then discusses the various rights which may be involved and concludes with Articles 1413 and 1414, ....
"The general format of that section and the wording of the latter two articles demonstrate an intention to specifically provide five year prescription for rescission of partitions based on lesion.
"The prescriptive article applying to lesion specifically is Article 1876.... This article is located in the title dealing with conventional obligations, Chapter 2Of the requisites to the formation of a valid agreement, § 10Of lesion. That section deals with all of the possible cases of lesion and sets out regulations governing them. Lesion is defined in Article 1860, and then those instances where persons of the age of majority and under no incapacity may seek relief are set out. Appellee argues that unless the prescription set out in Article 1876 was applicable to all of these cases, it would make no sense to include, for example, the section on partition found in Article 1861. We cannot agree. The section treats of all of the cases in which lesion may be applicable and Article 1876 sets out the prescription applicable generally. We consider that the intent of the Code is to provide a special exception to that general rule by the provision of the five year prescription for partition rescission."
376 So.2d at 518, 519.
We agree with the Fourth Circuit's conclusion that the prescriptive period of art. 1413 is controlling in actions such as this. However, appellee attacks the reasoning underlying the Cortez decision as faulty, noting that the section of the Civil Code which contains art. 1413 is located within a Chapter entitled "Of the Partition of Seccessions." Appellee contends that the application of art. 1413 should be limited to suits seeking rescission of succession partitions. This argument lacks merit, however. Article 1308, located within the same Chapter, provides as follows:
"The action of partition will not only lie between co-heirs and co-legatees, but between all persons who hold property in common, from whatever cause they may hold in common."
Clearly, therefore, the Civil Code rules on partition, although located within the section dealing with successions, have general application to all instances where there is co-ownership of property.[2]
Appellee further argues that this court has already held that an action alleging lesion of a community property settlement is governed by the four-year prescriptive period of art. 1876. She relies upon the decision in Blount v. Blount, 385 So.2d 476 (La.App. 1st Cir.), cert. denied, 386 So.2d 358 (La.1980). Blount involved a suit by a *148 former wife to enforce a community property settlement. The defendant former husband asserted that the agreement did not constitute a community property settlement and that it was invalid for lesion. Those defenses were rejected by the trial court and on appeal.
In rejecting the defense of lesion, this court made the following observation:
"The agreement can be attacked for lesion. Beatty v. Vining, 147 So.2d 37 (La.App. 2nd Cir.1962). C.C. Art. 1861(1). However, prescription has accrued by the lapse of four years. C.C. Art. 1876."
385 So.2d at 477 (footnote omitted). Appellee relies upon this statement. She contends that Blount conclusively holds that a four-year prescriptive period is applicable to actions asserting lesion of a partition of community property.
However, an examination of the Blount decision reveals that there was no considered determination that the four-year prescriptive period was applicable. The facts of the case reveal that over ten years had elapsed between the execution of the property settlement and the litigation. Thus, the right to claim lesion would have prescribed no matter which of the prescriptive periods were applicable. The Blount decision did not require this court to determine whether the four or five-year prescriptive period was applicable and the language cited above is not a conclusive holding that the four-year period applies.
The instant case does call upon this court to decide the issue of the applicable prescriptive period. We adopt the reasoning of the Fourth Circuit in Cortez v. Cortez, supra, and hold that the five-year prescriptive period of art. 1413 of the Louisiana Civil Code applies to suits for the rescission of partitions based on lesion.
For the foregoing reasons, the judgment of the district court is reversed and the exception of prescription is overruled. This case is remanded to the trial court for further proceedings consistent herewith. Liability for costs is to be contingent upon final disposition.
REVERSED AND REMANDED.
NOTES
[1] The provisions of art. 3542 of the Louisiana Civil Code were re-enacted by Act. No. 173 of 1983 as art. 3497. No substantive changes were accomplished by that reenactment.
[2] See, e.g., Bedwell v. Bedwell, 399 So.2d 685 (La.App. 1st Cir.1981), where this court applied the provisions of art. 1398 of the Louisiana Civil Code to an action by a former husband alleging lesion in a community property settlement.