COOKS, Judge,
dissenting.
I respectfully disagree with the majority’s decision to affirm the judgment rescinding a community property partition agreement. The opinion recites “we cannot count items left out of the settlement in determining whether it was lesionary.” Apparently, the majority’s affirmance rests on the mistaken *213 premise that an appellate court’s community “value review” is limited to the four corners of the “actual” partition document. My appreciation of the jurisprudence and applicable codal provisions would not place such restriction on our authority to determine the validity of a community partition attacked for lesion beyond moiety. In my view, the community estate must be considered as a whole unit. Accepting the majority’s position, conceivably .the parties could execute separate instruments purporting to divide in each only certain community items, the divisional values of which on equation may be lesionary in one instrument but non-lesionary in the other. On final review, when all the respective “shares” separately partitioned are aggregated, the complaining party’s lesion claim may not be firmly grounded. The suggested “piece meal” approach to appellate review which results from the majority’s “four corners” rule is not legally required or supported by good reasoning.
Granted, in this case, the community property agreements was simplistic and inartisti-eally drafted. Still, a party seeking to rescind a community partition for lesion must prove “by strong and convincing evidence” the value of the community estate at the time of the settlement; and the value actually received from any conversion or transfer of community assets. Ozane v. Ozone, 392 So.2d 774 (La.App. 3rd Cir.1980); Blount v. Blount, 385 So.2d 476 (La.App. 1st Cir.1980), writ denied, 386 So.2d 358 (La.1980); Beatty v. Vining, 147 So.2d 37 (La.App. 2nd Cir. 1962); Whittington v. Whittington, 229 So.2d 193 (La.App. 2nd Cir.1969), writ ref'd, 255 La. 477, 231 So.2d 394 (La.1970).
Although the community agreement is silent on the division or assignment of Mr. Myers’ retirement plan, he acknowledges acquiring full ownership of the plan as a consideration for perfecting the community partition. In brief, Mrs. Myers expressed the same understanding of the parties’ original intent regarding the retirement plan. Certainly, Mr. Myers’ full retention of his retirement plan, spanning 13 years-plus employment, may materially affect the bottom line value actually received by him from the community estate.
Considering the absence of any evidence establishing the value of Mr. Myers’ retirement plan during the existence of the marriage, I am unable to adequately review the lesion issue presented. Appellate courts are given the power to remand an action for proper consideration when the record is so incomplete that the court is unable to pronounce definitely on the issues presented or where the parties have failed, for whatever reason, to produce available evidence material to a proper decision. Bodin v. Bodin, 392 So.2d 759 (La.App. 3rd Cir.1980). It is fair and logically consistent with existing jurisprudence to remand the case to allow the parties to submit additional competent evidence showing the value of Mr. Myers’ retirement plan at the time of the partition; his entitlement to full ownership of the retirement benefits in consideration of the partition agreement; and for other legal evidence supporting the value figures assigned to the movable community assets by the court. I do not share the majority factual summation of Mrs. Myers’ testimony regarding the parties’ respective liability for the home mortgage. Mrs. Myers’ clearly accepted full responsibility for payment of the mortgage in consideration for acquiring full ownership of the home. Also, I note serious reservation in accepting, as legally sound, several “ball park value estimations” made by the trial judge in assessing the net worth of the movable community property.
For the foregoing reasons, I would reverse and remand the case.