746 So.2d 288 (1999)
Jeanelle Brown GLASCOCK
v.
Kermit Wayne GLASCOCK.
No. 98 CA 1031.
Court of Appeal of Louisiana, First Circuit.
November 5, 1999.
Zorraine M. Waguespack, Walker, LA, Mary E. Heck Barrios, Denham Springs, LA, for Plaintiff-Appellee.
Nancy Sue Gregorie, Baton Rouge, LA, for Defendant-Appellant.
BEFORE: CARTER, C.J., SHORTESS, FOIL and PETTIGREW, JJ., and de la HOUSSAYE, J. Pro. Tem.[1] JJ.
SHORTESS, J.
In April 1995, Jeanelle Glascock (plaintiff) and Kermit Glascock (defendant) were divorced. On October 31, 1995, the trial court approved and signed a community property and qualified domestic relations agreement filed by both parties. In 1996 the trial court approved two petitions filed by both parties to amend the agreement.[2] On January 17, 1997, defendant filed a petition to rescind the community property settlement. Defendant contended the settlement should have been rescinded on account of lesion beyond one-fourth according to Louisiana Civil Code article 814 because the value of the property he received in the settlement was "less by more than one-fourth of the fair market value of the portion he should have received." Plaintiff filed peremptory exceptions of no cause of action and prescription asserting defendant had "no cause of action on the basis of lesion as the peremptive period of one (1) year for the action of lesion ha[d] expired according to La.Civil Code Article 2595." On October 20, 1997, the trial court sustained plaintiffs exception of prescription and dismissed defendant's suit. On November 5, 1997, the trial court rescinded the October 20 judgment since a hearing had not been held before the court sustained the exception. After a hearing was held, the trial court sustained plaintiffs exception and dismissed defendant's suit with prejudice. Defendant appeals.
Defendant contends the trial court erred in finding that the prescriptive period for a rescission of an extrajudicial partition of community property is one year and in sustaining plaintiffs peremptory exception of prescription. The issue before the court is whether an action to rescind a community property partition based on lesion has a peremptive period of one year or prescriptive period of five years.
*289 Defendant asserts the law provides for a prescriptive period of five years on actions to rescind extrajudicial partitions under Civil Code article 1413, which states, "Suits for the rescission of partitions are prescribed by the lapse of five years from the date thereof, and in case of error and fraud, from the day in which they are discovered." Defendant supports his position by citing Bernardi v. Chesson,[3] which held that "the five-year prescriptive period of art. 1413 of the Louisiana Civil Code applies to suits for the rescission of partitions based on lesion."
Plaintiff contends article 2595 is the applicable codal article for the rescission of partitions. Article 2595 was amended in 1995 by Acts 1993, No. 841, § 1, and now states "[t]he action for lesion must be brought within a peremptive period of one year from the time of the sale." Plaintiff further maintains that our holding in Bernardi is no longer controlling for two reasons. First, plaintiff asserts that a specific article establishing a peremptive period for a lesionary action did not exist when Bernardi was decided.[4] Secondly, plaintiff contends the legislature has resolved the issue of whether the peremptive period of article 2595 or the prescriptive period of article 1413 is the applicable rule governing rescission of lesionary actions in comment (b) of article 814, "Rescission of partition for lesion," which states in pertinent part, "For the rest, rules governing rescission of a sale on account of lesion apply." Plaintiff maintains since article 2595 is within Title VII, which is the portion of the Code for sales articles, it is the controlling article as directed by comment (b) of article 814.
In Bernardi we examined the fourth circuit's reasoning in Cortez v. Cortez,[5] and found the conclusion persuasive. We quoted the portion of Cortez, which stated:
In support of our conclusion we point out that Article 1413 is located in a chapter dealing exclusively with partitions and particularly Section 7Of the Rescission of Partition. The section begins with Article 1397 which provides that partitions may be rescinded for radical vices, and Article 1398, on account of lesion. The next article, 1399 provides for the application of rescission in the cases of minors, interdicts and absentees. The section then discusses the various rights which may be involved and concludes with Articles 1413 and 1414, ...
. . . .
The general format of that section and the wording of the latter two articles demonstrate an intention to specifically provide five year prescription for rescission of partitions based on lesion.[6]
Acts 1991, No. 689, § 1, repealed articles 1397, "Causes for rescission," and 1398, "Lesion beyond one-fourth." However, the essence of article 1398 is embodied in article 814, which states, "An extrajudicial partition may be rescinded on account of lesion if the value of the part received by a co-owner is less by more than one-fourth of the fair market value of the portion he should have received." It is comment (b) of article 814, to which plaintiff directs this court to support her position that article 2595 of the sales articles is the controlling provision in this matter.
Acts 1991, No. 689, § 1, which repealed articles 1397 and 1398, provided, in pertinent part, that the intent of the Act was "to provide for the repeal of Articles that are redundant, unnecessary, or inconsistent *290 with Acts 1990, No. 990" (the Act which created article 814). Therefore, the intent of the legislature was not to change the law by repealing article 1398 or by creating article 814. In fact, comment (a) of article 814 states, "This provision reproduces the substance of Article 1398 of the Louisiana Civil Code of 1870. It does not change the law." (Emphasis added.)
Plaintiff contends article 1398 was repealed by the legislature for being inconsistent with Act 1990, No. 990, § 1, which created article 814. However, it appears this article was repealed for being redundant rather than inconsistent since the intent was to "reproduce the substance of Article 1398." In addition, when reading comment (b) of article 814 in its entirety, it appears the intent was to exclude community property partitions from being governed by the Code's sales articles. Comment (b) states:
This provision establishes a co-owner's right to the rescission of an extrajudicial partition in case the value of the part received by him is less by more than one-fourth of the fair market value of the portion he should have received. For the rest, rules governing rescission of a sale on account of lesion apply.
The first sentence of the comment explains article 814, which establishes a co-owner's right to rescind a partition that is lesionary. However, the article goes on to state, "For the rest, rules governing rescission of a sale on account of lesion apply." (Emphasis added.) Therefore, the "rules of rescission of a sale on account of lesion" apply only to those actions other than extrajudicial partitions. This direction does not mean the rules of sale govern all partitions. Thus, plaintiff is incorrect in her assertion that the legislature's intent was to have the sales articles (or in particular, article 2595) govern in this instance. Consequently, our holding in Bernardi is still the controlling jurisprudence, maintaining that the five-year prescriptive period of article 1413 of the Civil Code applies to suits for the rescission of partitions based on lesion. Furthermore, the third circuit has recently recognized that Bernardi is still the controlling jurisprudence for the prescriptive period for lesion actions on community property partitions.[7]
The trial court stated in its reasons for judgment,
La.C.C. art. 2595 provides for a peremptive period of one year in which an action in lesion may be brought. In the case before the court, more than one year elapsed between the executing of the community property settlement agreement and the filing of [the] action to rescind the community property settlement agreement on account of lesion, apparently rendering defendant's suit for re[s]cission untimely.
The court went on to find:
Nevertheless, the court is persuaded by the plaintiffs argument that the defendant's reliance on the [Bernardi] decision i[s] misplaced. The plaintiff points out that the [Bernardi] decision was rendered before the revision to C.C. art. 814 by Acts 1990 No. 990 § 1. Additionally, the plaintiff points out that the [Bernardi] court relied heavily on La. C.C. arts. 1397 and 1398 in concluding that La.C.C. art. 1413 is applicable to suits to rescind a community property partition based upon lesion. La.C.C. arts. 1397 and 1398 were repealed by Acts 1991, No. 689 § 1 which provided, in part, that the intent of the Act was to repeal articles rendered redundant and unnecessary by Acts 1990 No. 990 § 1.
In light of the above the court finds La.C.C. art. 2595, and not La.C.C. art. 1413, applicable to suits to rescind a community property partition on the basis of lesion.
Based upon our findings above, the trial court erred in finding article 2595 was applicable to suits to rescind community property partitions based on lesion. *291 Therefore, defendant's suit has not prescribed. The trial court's judgment sustaining plaintiff's exceptions and dismissing defendant's suit must be reversed.

CONCLUSION
For the foregoing reasons, the trial court's judgment sustaining plaintiff's exceptions of no cause of action and prescription and dismissing defendant's suit are reversed. We remand this matter to the trial court for further proceedings consistent with this opinion. Costs of this appeal are assessed to plaintiff.
REVERSED AND REMANDED.
CARTER, C.J., dissents with reasons.
CARTER, C.J., dissents.
I respectfully disagree with the majority opinion for the following reasons.
Article 814 of the Civil Code provides as follows:
An extrajudicial partition may be rescinded on account of lesion if the value of the part received by a co-owner is less by more than one-fourth of the fair market value of the portion he should have received.
The comments to Article 814 provide as follows:
(a) This provision reproduces the substance of Article 1398 of the Louisiana Civil Code of 1870. It does not change the law.
(b) This provision establishes a co-owner's right to the rescission of an extrajudicial partition in case the value of the part received by him is less by more than one-fourth of the fair market value of the portion he should have received. For the rest, rules governing rescission of a sale on account of lesion apply. See C.C. Arts. 2589-2600 (1870). (Emphasis added.)
Article 2589 of the Civil Code provides as follows:
The sale of an immovable may be rescinded for lesion when the price is less than one half of the fair market value of the immovable. Lesion can be claimed only by the seller and only in sales of corporeal immovables. It cannot be alleged in a sale made by order of the court.
The seller may invoke lesion even if he has renounced the right to claim it.
Article 2595 of the Civil Code provides as follows:
The action for lesion must be brought within a peremptive period of one year from the time of the sale.
Article 1413 of the Civil Code provides as follows:
Suits for the rescission of partitions are prescribed by the lapse of five years from the date thereof, and in case of error and fraud, from the day in which they are discovered.
I respectfully submit that Article 1413 found in "Of Successions" applies to all actions of rescission of partitions except suits for rescission because of lesion beyond moiety. Comments to Article 814 clearly provide that except for the difference between one-half and one-fourth the rules governing rescission of sale on account of lesion apply and specifically refer to Civil Code articles 2589 through 2600, which specifically include Article 2595. I recognize that Article 1414 of the Civil Code provides that "[t]his prescription, in case of lesion, runs against minors as well as against persons of age, when the partition has been made judicially and with all the forms prescribed by law." However, I respectfully submit that when Article 2595 of the Civil Code was amended in 1993, effective January 1, 1995, the prescriptive period for all actions for lesion was changed to a peremptive period of one year.
Therefore, if any action is filed for rescission of a partition, except for lesion beyond moiety, the prescriptive period is five years. If the action for rescission of the partition is for lesion beyond moiety, it *292 is clear that the peremptive action is one year under Articles 2595 and 814.
There are numerous grounds to rescind a partition other than for lesion beyond moiety, and in such a case Article 1413 applies.
Therefore, for the above and foregoing reasons, I respectfully dissent.
NOTES
[1] Judge Edward A. de la Houssaye, III, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] The agreement was amended February 6, 1996, and August 12, 1996.
[3] 451 So.2d 145, 148 (La.App. 1st Cir.1984).
[4] Article 2595 of the Civil Code of 1870 provided as follows:

Actions for recission [rescission] of sales on account of lesion beyond moiety must be commenced within four years. These four years, with respect to minors, begin only from the day they become of age. With respect to persons of full age, they begin from the day of the sale.
[5] 376 So.2d 517, 518-519 (La.App. 4th Cir. 1979), writ denied, 379 So.2d 1102 (La.1980)
[6] 451 So.2d at 147.
[7] See Picard v. Picard, 97-1258, p. 5 (La.App. 3d Cir.4/1/98), 708 So.2d 1292, 1295.