392 So.2d 774 (1980)
Cynthia OZANE, Plaintiff-Appellee,
v.
Robert Anthony OZANE, Sr., Defendant-Appellant.
No. 7982.
Court of Appeal of Louisiana, Third Circuit.
December 17, 1980.
Gene Thibodeaux, Lake Charles, for defendant-appellant.
Wilford D. Carter, Lake Charles, for plaintiff-appellee.
Before FORET, CUTRER and LABORDE, JJ.
CUTRER, Judge.
This is a suit to rescind a community property settlement. On January 23, 1979, one day after legal separation, the plaintiff, Cynthia Ozane, and the defendant, Robert Anthony Ozane, Sr., entered into a community property settlement by which defendant received their family home and plaintiff received a 1975 Oldsmobile Cutlass, certain furniture and certain wall decorations. There are no allegations of fraud or coercion. Rescission is sought on the ground of lesion beyond moiety; that is, that the *775 plaintiff received less than one-half of the value of her interest in the immovable. This is a suit to set aside a partition, however, and is governed by the rule of lesion beyond one-fourth as provided in LSA-C.C. art. 1861.
This article provides as follows:
"The law, however, will not release a person of full age, and who is under no incapacity, against the effect of his voluntary contracts, on account of such implied error or imposition, except in the two following cases:
1. In partition where there is a difference in the value of the portions to more than the amount of one-fourth to the prejudice of one or [of] the parties;
2. In sales of immovable property, the vendor may be relieved, if the price given is less than one-half of the value of the thing sold; but the sale can not be invalidated for lesion to the injury of the purchaser."
Under paragraph (1) of this article, the party attacking the partition for lesion must show that the lesion exceeded onefourth; i. e., that he or she received less than three-fourths of the share to which he was entitled.[1]
The trial court concluded that the value of the property received by defendant in the partition was $10,900.00 and that the value of the movables received by plaintiff was $2,000.00.
The trial court found lesion and set aside the agreement and condemned the defendant to restore to his wife a one-half undivided interest in their family home. The defendant appeals. We reverse.
Defendant's counsel makes two assignments of error, both of which go to the sufficiency of the evidence presented by plaintiff to establish the values of the property at the time of the contract of partition, January 23, 1979.
The case of Beatty v. Vining, 147 So.2d 37, 45 (La.App. 2nd Cir. 1962) sets forth the elements of proof in an action to rescind a partition:

"In all questions of lesion the value of the property which was the subject of the contract at the time it was entered into is the criterion by which lesion is to be ascertained. LSA-C.C. Art. 1871. The burden of proof is upon the complaining party to prove (1) the value of the property sold in the state in which it was at the time of the contract, according to the usual terms of credit given on sales of that nature, and (2) the difference between such value and the price received. From such difference, a determination must be made as to whether the lesion is sufficient to invalidate the contract. LSA-C.C. Art. 1870." (Emphasis added.)
In the case of Whittington v. Whittington, 229 So.2d 193, 197 (La.App. 2nd Cir. 1969), writ ref'd, 255 La. 477, 231 So.2d 394 (1970), also a suit to rescind a community property settlement, the court, quoting Crow v. Monsell, 200 So.2d 700 (La.App. 2nd Cir. 1967), writs ref'd, 251 La. 226, 203 So.2d 558 (1967), sets forth the evidentiary standard by which these elements must be proved:
"`The rule is likewise well established that the burden of proving lesion is on the party asserting it, and that he must establish it by strong and convincing proof. Armwood v. Kennedy, 231 La. 102, 90 So.2d 793 (1956); * * * Speculative values are not to be considered in resolving the question of whether or not lesion exists. * * *' [200 So.2d 700, 703]" (Emphasis added.)
In the recent case of Blount v. Blount, 385 So.2d 476, 477 (La.App. 1st Cir. 1980), the court stated:
"... To prove lesion the evidence must be clear and exceedingly strong ...."
With these principles in mind, we examine the evidence presented by the plaintiff *776 to establish the values of the various items included in the partition agreement.
To establish the value of the house and lot received by defendant, the plaintiff presented the testimony of John DeWitt, who testified as an expert appraiser. Mr. DeWitt had appraised the property the day before trial, March 11, 1980. He stated that he was not aware of the condition of the house in January 1979, but after listening to the testimony of the defendant regarding repairs that had been made upon the house after January 9, 1979, he estimated the condition of the house in 1979 and also estimated its value as of January 1979 to be $19,500.00. Mr. DeWitt candidly admitted that due to the lack of information as to the cost of labor and material used in such improvements or repairs, his final estimate was speculative. In this regard he testified as follows:
"Q. Okay. Would it be fair to say, Mr. DeWitt, that you would have to have more detailed information in order to give a more accurate figure to the Court?

"A. Yes, sir, it would certainly narrow it down to substantiate, you know, these things. The more proof we have, receipts and ...
"Q. So, this figure you gave to the court, $19,500.00, is about as accurate as you can get under the circumstances?
"A. Yes, sir.
"Q. It is not a definite figure?
"A. No. It's simply my opinion based upon my experience and the facts given here today, but it's not ... We do not know, first of all, the amount of time Mr. Ozane spent doing these repairs nor the cost of the materials. We've simply estimated in both cases.
"Q. In your opinion, would you say that this was a speculative value?
"A. Based upon the conditions, yes."
Plaintiff received a 1975 Oldsmobile automobile as a result of the partition. Kenny Fuselier, a loan officer with the First National Bank, was called to testify. He stated that he had authorized a loan on the car to be made to the plaintiff and defendant. He stated that the loan was paid off in November 1979, after the partition agreement. The total amount of $2,028.50 was paid between January and November 1979. He stated that the Blue Book value of the car in November 1979 was $2,700.00. He stated, however, he was not acquainted with the condition of the car. He stated that the condition of the car would have an effect upon the Blue Book value. He could not give a value of the automobile as of January 1979.
In this regard, he testified as follows:
"Q. Mr. Fuselier, you said that the NADA value was $2,700.00.
"A. Yes, sir.
"Q. When?
"A. In November of '79.
"Q. Did you know the condition of the car?
"A. No, sir, I didn't.
"Q. Do you know what state the car was in at the time?
"A. No, sir, I don't.
"Q. On January 23, 1979, do you know the value of the car ... Did you know the value of the car?
"A. In January?
"Q. The 23rd, 1979.
"A. No, sir.
"Q. On January 23rd, 1979, can you testify as to the condition or state of that automobile?
"A. No, sir, I can't. I don't have that information."
In addition to the automobile, plaintiff received several pieces of furniture and wall decorations that were located in the home. She stated that she received two bunk beds, a dinette set and six chairs, a china cabinet and decorations. She stated that these items were valued at $974.00. (The list submitted into evidence shows a total of $994.00. An error of addition exists. The total is actually $974.00.)
Plaintiff was neither tendered nor accepted as an expert in these items. She stated that the values she assigned to the items were the original costs of the items. She stated that some of the furniture was *777 as much as four years old. As to those items, she "estimated" the value of same. She candidly admitted that she did not know the values of any of the items as of January 1979. In this regard, she testified as follows:
"Q. Okay. So, these are not values as of January, 1979. You don't know the values, is that correct?
"A. Right."
As we examine the trial judge's reasons for judgment, we can see that he was clearly troubled by the insufficiency or lack of proof of the value of the property that was distributed in this partition agreement. After expressing some concern about the accuracy of the appraiser's estimate of the immovable property, he accepted the estimate of $19,500.00. In evaluating the testimony as to the value of property received by plaintiff, the trial judge stated:

"... Well, the evidence is not clear with any exactitude as to what the values were of property that Mrs. Ozane received...."
With these reservations, the trial court accepted the values of the furniture and decorations according to plaintiff's testimony, rounding out the $974.00 figure to $1,000.00. He also assigned a figure of $1,000.00 to the value of the automobile. The trial court, using these figures, concluded that there was sufficient lesion to rescind the agreement.
We must note that there seems to be quite a disparity between the value of the property received by the plaintiff and the value of that received by defendant. The appearance of disparity, however, cannot be the basis for rescission of a partition agreement on the ground of lesion. As we pointed out earlier in this opinion, the plaintiff has the burden of proving lesion and plaintiff must establish lesion by clear and convincing proof. As we examine the evaluations herein, the plaintiff has clearly failed to carry her burden of proving such values by clear and convincing proof.
The appraisal of the immovable is speculative. We have no testimony that reflects a value of the movables at the time of partition in January 1979. We conclude that the trial court erred in its evaluation herein as the burden of proof did not meet the clear and convincing test required by law.
For these reasons, the judgment setting aside the community property settlement entered into between petitioner, Cynthia Ozane, and defendant, Robert Anthony Ozane, Sr., is reversed and the plaintiff's suit is dismissed. Plaintiff-appellee is cast for all costs, both at the trial court level and on appeal.
REVERSED AND RENDERED.
NOTES
[1] In its reasons for judgment, the trial court apparently applied paragraph (2) in finding lesion. This paragraph applies only to sales of immovables. This is a partition suit and paragraph (1) must be applied. This error of the trial court is of no consequence, however, for the reasons set forth hereinafter.