DOUCET, Judge.
This is an appeal from a judgment rescinding an agreement to partition community property for lesion beyond one-fourth.
On May 21, 1991, Lisa Decoux Myers filed a petition for divorce from her husband, Warren Myers, Jr. On May 24, 1991, Mr. and Mrs. Myers executed a document enti- *212 tied “Community Property Settlement between Lisa Deeoux Myers and Warren J. Myers, Jr.” (Settlement). In September 1991, Warren Myers filed an answer and reconventional demand. He also filed a “Petition to Rescind Settlement of Community Property Agreement” alleging that. Mrs. Myers fraudulently undervalued property and that he received less than three-eighths of the value of the community property (or less than three-quarters of the value of his one-half share).
A judgment of divorce was rendered on January 3, 1992. On February 2, 1992, a hearing was held in connection with the petition to rescind the settlement. On March 12, 1992, judgment was rendered declaring the settlement to be null and void. Mrs. Deeoux appeals.
La.C.C. art. 814 provides with regard to recission of a partition for lesion that:
An extrajudicial partition may be rescinded on account of lesion if the value of the part received by a co-owner is less by more than one-fourth of the fair market value of the portion he should have received.
The plaintiff has the burden of proving lesion beyond one-fourth by clear and convincing evidence. Ozane v. Ozane, 392 So.2d 774 (La.App. 3 Cir.1980). Mrs. Myers argues that Mr. Myers did not carry this burden.
The total value of the property partitioned was $87,120.00. Apportioned to Mrs. Myers under the settlement were the family home and property, the furniture and appliances, and a 1985 Nissan Pulsar. At trial, this property was valued at $81,420.00. Apportioned to Mr. Myers were a 1990 aluminum boat, motor and trailer valued at $3,200.00, and $2,500.00 in cash, for a total of $5,700.00. To prove lesion, Mr. Myers had only to show that he received less than three-eighths of the property partitioned, or less than $32,-670.00.
Mrs. Myers first argues that the evidence as to the values of the items was not clear and convincing. We disagree.
Dan Allain, an expert in the field of real estate appraisal, testified that the house and property were worth $68,900.00. No evidence was introduced to controvert this valuation. Mr. Myers testified that the boat, motor and trailer were valued at $3,200.00. His father-in-law’s testimony supported this valuation. The other values were established by the testimony of Mrs. Myers. This evidence meets the clear and convincing standard set out in Ozane, supra.
Mrs; Myers next argues that the settlement was not lesionary because Mr. Myers kept his pension and because she took on the $40,000.00 debt owed on the house. However, neither the pension nor the home mortgage are mentioned in the partition. There is no legal authority prohibiting spouses from voluntarily partitioning the community property in a piecemeal fashion. 16 Louisiana Law Treatise § 7:20, Spaght and Hargrave (1989). The spouses were free to partition part of the community in one partition and to leave other items to be partitioned at a later date. We cannot count items left out of the settlement in determining whether it was lesionary. To avoid lesion, the parties to the settlement each had to receive, at a minimum, property valued at three-eighths of the total market value of the property partitioned. In this case, Mr. Myers received a share worth far less than three-eighths of the market value of the property partitioned. Nothing in the settlement or the testimony indicated an intent to equalize this through partition of the remaining property. In fact, Mrs. Myers’ testimony clearly indicated that she believed that Mr. Myers was still liable for the home mortgage debt.
Therefore, the trial court correctly rescinded the settlement. We affirm the judgment of the trial court. Costs of this appeal are assessed against Mrs. Myers.
AFFIRMED.
COOKS, J., dissents and assigns written reasons.