liBARRY, Judge.
Liquid Air Corporation appeals a judgment which maintains Sessions & Fishman’s exception of prescription and dismisses Liquid Air’s reconventional demand.
Sessions & Fishman, L.L.P., filed a petition on an open account against Liquid Air for $47,596.90, the balance due for legal fees and expenses. Liquid Air did not answer and the law firm obtained a preliminary default which was confirmed. On April 12, 1993 the Louisiana Supreme Court reversed the default judgment because it was based on a partner’s affidavit of correctness without an invoice or itemized statement of the account. Sessions & Fishman v. Liquid Air Corporation, 616 So.2d 1254 (La.1993). The opinion became final on April 26, 1993.
On April 29,1993 Liquid Air answered and on June 21, 1993 filed a reconventional demand alleging that Session & Fishman committed malpractice. Sessions & Fishman filed an exception of prescription which was overruled. The trial court granted Sessions & Fishman’s motion for | ¿reconsideration, also granted Sessions & Fishman’s exception of prescription, and dismissed the reconven-tional demand with prejudice.
Liquid Air argues that the trial court erred: •
(1) By finding that the reconventional demand had prescribed in light of La.C.C.P. art. 1061 and the bar of res judicata, the doctrine of contra non valentem, and non-retroactivity of La.R.S. 9:5605;
(2) By holding that the reconventional demand was not timely under La.C.C.P. art. 1067;
(3) By not stating in its reasons that the malpractice claim may be used as a defense.

ASSIGNMENT NO. 1

According to the reconventional demand, Liquid Air had been sued by several plain *251 tiffs who were injured in an explosion on an offshore platform. Liquid Air retained Sessions & Fishman as its defense counsel. On the eve of trial (August 6, 1990) Liquid Air discovered its expert did not support its position. It is alleged that Liquid Air was compelled into a very expensive settlement.
Liquid Air conceded it had knowledge of the alleged malpractice by August 6, 1990. The one year prescriptive period for a legal malpractice action expired on August 6,1991. See La.C.C. art. 3492; Braud v. New England Insurance Company, 576 So.2d 466 (La.1991). La.R.S. 9:5605, which sets out the prescriptive period for legal malpractice, became effective September 7, 1990, and does not apply to this ease. See Lima v. Schmidt, 595 So.2d 624 (La.1992).
Liquid Air rightfully claims that the malpractice claim arose out of the same transaction and is a valid basis to assert a reconventional demand. |3La.C.C.P. art. 1061 (effective January 1,1991) provides that a defendant shall assert in the reconventional demand all causes of action he may have against a plaintiff arising out of the transaction which is the subject of the principal action. Liquid Air argues that it could not file the reconventional demand because Sessions & Fishman could have filed an exception of res judicata.
La.R.S. 13:4231, as amended in 1990 (with an effective date of January 1, 1991) does not apply. The pre-1991 statute required that the thing demanded be the same, that the demand be founded on the same cause of action, and the demand be between the same parties. A final judgment was definitive when it had acquired the authority of the thing adjudged. La.C.C.P. art. 1842 (pre-1991-repealed by Acts 1990, No. 521). “Thing adjudged” is defined as “that which has been decided by a final judgment, from which there can be no appeal, ... because it has been confirmed on the appeal.” La.C.C. art. 3506(31). A trial court judgment has not acquired the authority of the thing adjudged while the judgment is on appeal. Segura v. Frank, 630 So.2d 714 (La.1994), cert. denied, — U.S. -, 114 S.Ct. 2165, 128 L.Ed.2d 887 (1994). If a defendant fails to file a compulsory reconven-tional demand he is barred from litigating the claim in a subsequent suit. Comments to La.C.C.P. arts. 1061 and 1039. Res Judicata does not bar a reconventional demand in the same suit. In this case no exception was filed. The threat of an exception of res judicata by Sessions & Fishman did not bar Liquid Air from filing a reconventional demand.
Liquid Air argues that it could not file the reconventional demand because the trial court was divested of jurisdiction (La. C.C.P. art. 2088) from the time the motion for appeal was granted. According to the first sentence of art. 2088, jurisdiction of the trial court “over all matters in the ease Ureviewable under the appeal is divested,” not the entire case. The first sentence was amended in 1964 because the previous more general rule was too broad. The court is divested of jurisdiction only with respect to those matters reviewable on appeal.
Liquid Air claims that under La.C.C.P. art. 1061 the reconventional demand was part of the matter on appeal. Therefore, it could not file a reconventional demand until the Supreme Court’s opinion became final on April 26, 1993.
The malpractice claim was not on appeal. The trial court retained jurisdiction over all other matters; therefore, Liquid Air could have filed its reconventional demand.
Liquid Air argues that the equitable doctrine of contra non valentem agere nulla currit praescriptio applies. Under that doctrine prescription does not run against a party who is unable to bring an action. The doctrine is applied under four circumstances, the first of which involves a situation where there is some legal cause which prevented the court from taking cognizance of or acting on the party’s actions. See Corsey v. State Department of Corrections, 375 So.2d 1319 (La.1979). Liquid Air argues that it was powerless to act in the trial court after Sessions & Fishman improperly confirmed the default. It could not file its reconventional demand because the trial court was divested of jurisdiction while the case was on appeal. We discussed this argu *252 ment above and there is no basis to trigger contra non valentem.
This assignment has no merit.

^ASSIGNMENT NO. 2

Liquid Air argues that the recon-ventional demand is timely under La.C.C.P. art. 1067 which provides in pertinent part: “An incidental demand is not barred by prescription or peremption if it was not barred at the time the main demand was filed and is filed within ninety days of date of service of main demand.... ”
The main demand was served on February 26, 1991 and the reconventional demand was filed on June 21,1993. Liquid Air predicates its argument on the conclusion that the ninety day period did not continue to run from the appeal grant until the date the Supreme Court’s opinion became final (April 26, 1993) and the matter was remanded to the trial court (May 11, 1993). We discounted that claim earlier and there is no theory under which the ninety day period had not expired.
Additionally, La.C.C.P. art. 1067 is not a prescription statute, but an exemption statute. During the ninety day period the statute exempts any incidental demand from any applicable prescriptive statute whose prescriptive period would accrue during that ninety days. Kelly v. Louisiana Stadium and Exposition District, 380 So.2d 669 (La.App. 4th Cir.1980).
This assignment has no merit.

ASSIGNMENT NO. 3

Because the trial court did not state in reasons for judgment that Liquid Air could use the reconventional demand as a defense, even if it had prescribed, the matter was raised on appeal out of an abundance of caution. The trial court did not deny Liquid Air’s right to its claim. There is no ruling to be reviewed. However, we note that Liquid Air may use its legal |6malpractice claim against Sessions & Fishman as a defense. La.C.C.P. art. 424: Thibaut v. Thibaut, 607 So.2d 687 (La.App. 1st Cir.1992), writs denied, 612 So.2d 37, 38, and 101 (La.1993).
The judgment granting Session & Fish-man’s exception of prescription is affirmed.

AFFIRMED.

ARMSTRONG, J., concurs.