hGASKINS, Judge.
The defendant, Brent E. Burt, appeals from a trial court judgment in favor of the plaintiff, Clinton Eugene Burt, finding that the defendant owed the plaintiff $34,272.49 on a promissory note, plus accrued interest and attorney fees. For the following reasons, we affirm the trial court judgment.
*867 FACTS
This is a suit on a promissory note between a father and son. The parties were engaged in a business known as Aim to Please Cabinet Shop, Inc. On November 1, 1988, Brent Burt executed a promissory note payable to his father, Clinton Eugene Burt, for $49,192 with 7.65 percent interest per year, payable in 155 monthly installments of $500 per month. The note was given for the purchase by Brent Burt of 26 shares of stock in the corporation. The stock was pledged as security for the note. Clinton Eugene Burt, who retained ownership of the remainder of the stock in the corporation, resigned from the board of directors and Brent Burt was given complete control of the corporation. Brent Burt was elected President-Secretary-Treasurer of the corporation. Over the years, business dealings between the father and son deteriorated. On or about December 15, 1994, the defendant withdrew from the business, taking with him most of the office equipment. The plaintiff then changed the locks on the business building. On February 24, 1995, the plaintiff filed suit against the defendant to enforce the promissory note, claiming that the defendant had not remained current on his monthly payments.
The defendant raised numerous defenses to the plaintiffs claim for repayment of the note.[1] As affirmative defenses, the defendant alleged that there was a failure of cause and consideration for the obligation represented by the ^promissory note. The defendant argued that the cause and consideration of the obligation was to conduct a business with his father and that the plaintiff locked him out of the corporation business and prevented him from using corporate equipment to complete corporate jobs. Also as an affirmative defense, the defendant argued that the plaintiff was estopped by forbearance from seeking payment of the balance due under the promissory note. The defendant alleged that the plaintiff had established a habit of accepting $100 per month in payment in the note, rather than the $500 specified in the note.
The defendant also made a reconventional demand against the plaintiff, arguing that the 26 shares of stock in the Aim to Please Cabinet Shop,' Inc. constitute securities that were not registered with the Untied States Securities and Exchange Commission or the Securities Commissioner of the State of Louisiana. He argued that these securities were not exempt from registration under the Louisiana Securities Law, set forth in La. R.S. 51:701 et seq.[2] Because the securities were not registered, the defendant alleged that the sale was unlawful and sought the return of the purchase price. In his reconventional demand, the defendant also asserted that the plaintiff was at fault under La. C.C. art. 2815 and sought damages.
On April 12, 1995, the plaintiff filed an exception of prescription as to the defendant’s reconventional demand regarding the registration of the securities, claiming that more than two years had passed since the sale of the securities and therefore, any claim that the defendant might assert for the return of the purchase price had prescribed under La. R.S. 51:714(C)(1).[3] The plaintiff also asserted, as fean affirmative defense to the allegations raised by the defendant in his reconventional demand, that the sale of stock in Aim to Please Cabinet Shop, Inc. was exempt from registration requirements of both federal and state law. On June 29, 1995, the trial court entered judgment in favor of the plaintiff, finding that the defendant’s claim to regain the purchase price of the securities was barred by prescription. The defendant has not appealed the trial court’s judgment sustaining plaintiff’s exception of prescription.
Trial on this matter was held on November 25, 1995. On November 29, 1995, the trial court issued reasons for judgment. The court found the defendant liable on the prom *868 issory note, rejecting the defendant’s defenses and finding that the defendant failed to prove his claims by a preponderance of the evidence. The court ordered the defendant to pay the plaintiff $34,272.49, together with accrued interest, accruing at a rate of $7.45 per day until paid. The plaintiff was also awarded 25 percent attorney fees and the defendant was taxed with the costs of the proceedings.[4]
The defendant appeals the trial court judgment. At trial, the defendant admitted that he executed the promissory note in favor of his father. He argues that the trial court erred in fading to recognize that the defendant was entitled to assert the failure the register the stock at issue here as an affirmative defense to the payment of the note. The defendant also asserts that the plaintiff did not carry his burden of proving that the stock was exempt from registration requirements. We find the defendant’s arguments to be without merit.
^AFFIRMATIVE DEFENSE
The defendant argues that the trial court erred in failing to recognize his affirmative defense to the plaintiffs claim for payment of the note. The defendant contends that even though his claim for the return of the purchase price of unregistered securities is barred by prescription, he is still entitled to assert this argument as an affirmative defense to the plaintiffs suit for payment of the note. In support of this argument, the defendant cites La. C.C.P. art. 1005 which provides in pertinent part:
If a party has mistakenly designated an affirmative defense as an incidental demand, or an incidental demand as an affirmative defense, and if justice so requires, the court, on such terms as it may prescribe, shall treat the pleading as if there had been a proper designation.
The defendant also asserts that, under La. C.C.P. art. 424, even a prescribed claim can be asserted as an affirmative defense. That statute provides in pertinent part:
Except as otherwise provided herein, a prescribed obligation arising under Louisiana law may be used as a defense if it is incidental to, or connected with, the obligation sought to be enforced by the plaintiff.
The trial court’s reasons for judgment do not specifically state that the defendant is entitled to assert the nonregistration of the stock as an affirmative defense to the plaintiffs suit for repayment of a promissory note given for the purchase of the stock. In finding in favor of the plaintiff, the trial court did state that it rejected the defendant’s defenses and his reconventional demand. It does not appear from the record that the trial court denied the defendant the right to assert his affirmative defense. However, regardless of whether the trial court specifically ruled upon this issue, the parties are not in disagreement. In the plaintiffs brief to this court, he concedes that the defendant is entitled to assert as an affirmative defense the nonregistration of the stock, even though any claim he may have had for the return of the purchase price of the stock has prescribed. ^Therefore, we will consider the defendant’s argument regarding the nonregistration of the stock as an affirmative defense.
Unregistered Securities
The defendant argues that the stock sold in this case is a security under the definition of La. R.S. 51:702(15) and that it is unregistered, in violation of the Louisiana Securities Law contained in La. R.S. 51:701 et seq. The defendant further contends that the sale of such unregistered securities is unlawful under La. R.S. 51:705(A) which provides:
*869 A. It shall be unlawful for any person to offer for sale or to sell any securities to any person in this state unless:
(1) They are subject to an effective registration statement under this Part; or
(2) The security or transaction is exempt under R.S. 51:708 or R.S. 51:709.
Numerous exemptions to the registration requirement are set forth in La. R.S. 51:709. In addition, La. R.S. 51:709(15) provides that administrative rules may be promulgated, providing further exemptions from the registration requirement. La. Admin. Code 64:707, promulgated pursuant to La. R.S. 51:709(15), provides that a transaction is exempt from registration if the issuer or the seller shall reasonably believe that there are no more than 35 purchasers of the securities from the issuer or other seller in any offering during any period of 12 consecutive months and the buyers represent that they are buying for investment and not for public distribution or resale. See Kibodeaux v. Harrison, 93-1361 (La.App. 3d Cir. 5/4/94), 640 So.2d 503. The defendant contends that there is no dispute regarding the fact that there are no more than 35 purchasers of the securities from the issuers or seller. However, the defendant argues that there is no ^evidence in the record to show that he represented that he was buying the stock for an investment and not for resale or public distribution.
The defendant argues that, in order to recover on the promissory note, the plaintiff bore the burden of proving that the securities were exempt from registration. He also contends that the plaintiff failed to carry this burden of proof. Therefore, the defendant asserts that the sale of unregistered stock was unlawful and that he is not required to pay the balance due on the promissory note. This argument is without merit.
Affirmative defenses are governed by La. C.C.P. art. 1005 which provides in pertinent part:
The answer shall set forth affirmatively arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, division, duress, error or mistake, estoppel, extinguishment of the obligation in any manner, failure of consideration, fraud, illegality, injury by fellow servant, transaction or compromise, and any other matter constituting an affirmative defense.
The jurisprudence is clear that the party asserting an affirmative defense has the burden of proof. EM Nominee Partnership v. Arkla Energy Resources, 26,795 (La.App.2d Cir. 5/12/95), 656 So.2d 55, writ denied 95-1792 (La.1/5/96), 666 So.2d 300; Hogan Exploration, Inc. v. Monroe Engineering Associates, Inc., 430 So.2d 696 (La.App. 2d Cir.1983). Because the defendant has chosen to assert, as an affirmative defense, that the stock purchased from his father was not exempt from the registration requirements of the Louisiana Securities Law, he bears the burden of proof on this issue, not the plaintiff. The record shows that the defendant offered no evidence to support his affirmative defense.
On the contrary, the record shows that the stock purchased by the defendant was exempt from registration requirements. In 1988, the defendant approached his father with the idea of purchasing stock in the family business. The defendant [^purchased 26 shares of stock in the corporation for the express purpose of operating the family cabinet business with the plaintiff. In his recon-ventional demand, the defendant asserted that this was the purpose of the stock purchase. The testimony of Steven R. Baker, the attorney who represented the parties in the execution of the stock sale, testified that the stock was not registered. He further testified that it was his understanding that it was exempt from registration requirements. After the defendant bought his 26 shares of stock, the plaintiff retained the ownership of the remainder of the stock. The record shows that the defendant was the only purchaser of the stock and the purchase was an investment in the family business. At no point did the defendant represent that he made this stock purchase for resale or public distribution, nor is there any evidence in the record to support this contention.
The defendant had the burden of proving his affirmative defense that the stock in this case was required to be registered under the *870 Louisiana Securities Law. The defendant failed to carry his burden of proof.
FRIVOLOUS APPEAL
The plaintiff asserts that the defendant’s appeal in this case is frivolous and damages should be awarded to the plaintiff. However, the plaintiff has not appealed or answered the appeal, therefore the claim for damages for frivolous appeal is not properly before this court. La. C.C.P. art. 2133; State in the Interest of Muse v. Ross, 26,554 (La.App.2d Cir. 8/4/94), 641 So.2d 721; Pelican Homestead and Savings Association v. Wolcott, 405 So.2d 1247 (La.App. 1st Cir.1981); Pasqua v. Lafourche Parish School Board, 408 So.2d 438 (La.App. 1st Cir.1981). The plaintiffs claim is accordingly, denied.
CONCLUSION
For the reasons stated above, we affirm the trial court judgment in favor of the plaintiff, Clinton Eugene Burt, and against the defendant, Brent E. Burt, finding that the defendant is indebted to the plaintiff for the balance due on the promissory note in the amount of $34,272.49, together with accrued interest accruing at a rate of $7.45 per day until paid, together with 25 percent attorney fees. Costs in this court and in the court below are assessed to the defendant.
AFFIRMED.

. Several of these issues, decided by the trial court, have not been appealed by the defendant and will not be discussed at length here.

. Prior to 1985, the Louisiana Securities Law was entitled Securities — Blue Sky Law.

.La. R.S. 51:714(C)(1) provides in pertinent part: "No person may sue under this Section more than two years from the date of the contract of sale or sale, if there is no contract for sale.”

. Although the plaintiff filed suit against the defendant and his spouse, Becky Ponder Burt, arguing that the promissory note was a community obligation, Mrs. Burt filed an exception of no cause of action, asserting that she was not a maker of the note. This exception was sustained by the trial court on June 27, 1995. The defendant and his spouse also executed a matrimonial agreement, establishing a regime of separate property on March 14, 1995. The plaintiff's attempts to attack this agreement were also denied by the trial court. The plaintiff did not appeal the trial court decisions on these issues. Accordingly, the trial court judgment is against Brent E. Burt, alone.