[.WHIPPLE, J.
This appeal arises from a suit to rescind a community property settlement agreement on the grounds that the partition agreement was lesionary. Following trial, the lower court granted the petition of Mr. Baechle, rescinding the community property settlement due to lesion. For the following reasons, we reverse.
FACTS AND PROCEDURAL HISTORY
The parties, Keith Andrew Baechle and Antoinette Proctor Baechle,[1] were married on July 24, 1976, and physically separated on September 27, 1987. A suit for’ legal separation was filed on November 23, 1987, and subsequently granted, thereby terminating the community of acquets and gains between the parties retroactive to that date. The parties then divorced on February 16, 1989, and on May 17, 1993, executed a document entitled “Community Property Settlement.” Through this agreement, they entered into a “final settlement” of the remaining community property belonging to the community of acquets and gains formerly subsisting between them.
On March 7, 1997, nearly ten years after their initial separation and nearly four years after entering the settlement agreement, Mr. Baechle filed a “Petition to Rescind Community Property Agreement” seeking rescission of the extrajudicial partition on the basis of lesion, in accordance with Louisiana Civil Code article 814. A trial of the matter was held on October 28, 1998, and after Mr. Baechle concluded his case, Mrs. Baechle moved for a judgment of involuntary dismissal. Her motion was denied and the trial court took the matter under advisement, awaiting the submission of post-trial briefs. On May 7, 1998, the trial court rendered “Notice of Rendition of 13Judgment and Written Reasons,” finding in favor of Mr. Baechle and concluding that the community property partition should be rescinded based on lesion. A judgment in accordance with the reasons was signed on November 23,1998.
*1167 Mrs. Baechle appeals the findings of the trial court and alleges the following assignments of error:
1. Evaluations used to determine whether the community property agreement was lesionary were speculative, not offered by an expert witness, and did not represent the value of the property at the time the agreement was entered into. The trial court committed legal error by concluding such evidence satisfied the onerous clear and convincing burden of proof standard in this matter.
2. The trial court erred as a matter of law by denying the appellant’s motion for involuntary dismissal, where Keith Andrew Baechle failed to produce any evidence concerning the value of the property contained in the Community Property Settlement. '
3. Where the trial court looks outside the four corners of the Community Property Settlement document for evidence concerning values of property partitioned, it is error for the trial court to ignore evidence adduced that is also relevant to the true intent of the parties and the issue of lesion.
PRINCIPLES OF LAW
Louisiana Civil Code art. 814 addresses rescission of a partition for lesion and provides that “[a]n extrajudicial partition may be rescinded on account of lesion if the value of the part received by a co-owner is less by more than one-fourth of the fair market value of the portion he should have received.” (Emphasis added.)
As set forth in McCarroll v. McCarroll, 96-2700, p. 10 (La.10/21/97), 701 So.2d 1280, 1285.
The proper method of establishing lesion beyond one-fourth is twofold: (1) the community property’s true value (net value) must be ascertained; and (2) it must then be determined from the property acquired whether a party received value less than ¾ of ½ share of the true value of the property | ¿partitioned.
Oberfell v. Oberfell, 516 So.2d 424 (La.App. 1 Cir.1987); Cowling v. Cowling, 486 So.2d 1060 (La.App. 2 Cir.1986); Beatty v. Vining, 147 So.2d 37 (La.App. 2 Cir.1962). The.value of the property exchanged is determined as of the date the exchange was executed. Ozane v. Ozane, 392 So.2d 774 (La.App. 3 Cir.1980); Beatty v. Vining, supra. See also, La. Civ.Code art. 2590; La. Civ. Code art. 814 comment (b).
The plaintiff has the .burden of proving lesion beyond one-fourth and must establish the claim by clear and convincing evidence. Ozane v. Ozane, 392 So.2d 774, 777 (La.App. 3 Cir.1980). As stated in this circuit, .“[t]o‘prove lesion, the evidence must be clear and exceedingly strong.” Blount v. Blount, 385 So.2d 476, 477 (La.App. 1 Cir.), writ refused, 386 So.2d 358 (La.1980). Unsupported or speculative values are not to- be considered in resolving the question of whether or not lesion exists. Ozane, 392 So.2d at 775-776.
ASSIGNMENT OF ERROR NUMBER ONE
In her first assignment of error, Mrs. Baechle argues that Mr. Baechle did not carry this burden.
With the above principles in mind, considering plaintiffs heightened burden, we first examine the evidence presented by plaintiff to establish the values of the various items included in the partition agreement. Ozane, 392 So.2d at 775-776.
Plaintiffs ease-in-chief consisted of the testimony of Mrs. Baechle, her brother, John.. Michael Proctor, and Mr. Baechle, along with the introduction of the community property agreement and a letter from Mr. Proctor. Mrs. Baechle introduced, during cross-examination of Mr. Baechle, a deposit slip in the amount of $900.00 bearing his signature which was received prior to the parties’ separation. However, no appraisals, evaluations or expert testimony was presented at trial to establish the market value of the |Bitems *1168 listed in the • community property settlement. Instead, the testimony elicited from Mr. Proctor and Mrs. Baechle related to a letter prepared in 1991 by Mr. Proctor, a general accountant and bookkeeper, to assist the parties in their initial settlement negotiations.
The 1991 letter, prepared by Mr. Proctor at Mrs. Baechle’s request, was drafted as her response to a “Statement of Financial Condition,” prepared by an accounting firm for Mr. Baechle and sets forth her challenges to certain values assigned by Mr. Baechle to various items of property. The letter essentially discusses the property and values upon which the parties disagree, and contains Mrs. Baechle’s assignments of value in response to his.
At trial herein, Mr. Proctor outlined the circumstances giving rise to the letter. Mr. Proctor testified that in assisting Mrs. Baechle, his sister, he did not use any type of market analysis, nor did he utilize or rely upon any expert property appraisals in preparation of the letter. He readily acknowledged in the letter and at trial that the values were “inconclusive” and were not based upon any expert evaluations, stating, that “[t]his list is not intended to be all-inclusive, and it does not address other matters that need to be taken into consideration.” Nonetheless, in determining whether the agreement was lesionary, the trial relied upon these unsupported estimated values.
Even assuming that the values in. the letter had been based on market appraisals prepared by experts, we note that the property Values contained in the letter were estimations of the market value on September 24, 1991 and clearly were not based on the market value at the time the agreement was entered in 1993, the determinative date herein. In any event, we conclude that the letter prepared by Mr. Proctor, nearly two years prior to the | ^execution of the settlement agreement, cannot, in and of itself, provide the requisite evidentiary basis to establish the fair market value of the community property at issue as of the date of the community property settlement. King v. King, 493 So.2d 679, 683 (La.App. 2 Cir.), writ denied, 497 So.2d 316 (La.1986).
The letter and lay testimony relative thereto relied upon by Mr. Baechle are speculative at best. Indeed, the parties admit that no appraisals were obtained regarding any of the immovable property at issue, nor did they obtain any appraisals or evaluations of the boat, motor, and trailer to determine the fair market value on these items.[2] Clearly, the trial court erred in relying upon these speculative values in determining that Mr. Baechle had established his evidentiary burden of proving that the agreement was lesionary. Ozane, 392 So.2d at 775-776.
On review, we find that the testimony and evidence introduced by plaintiff failed to establish by clear and convincing evidence the fair market value of the community property listed in the agreement, which includes, the community residence, ½ interest in the rental property owned by the community, the boat, trailer, and motor, movable property in the community home, and various Exxon accounts, includr ing an annuity and stock, at the time the parties entered into the community property settlement agreement.
Because we find merit in the first assignment of error, we decline to address the remaining two assignments of error.[3]
*1169 ^CONCLUSION
For the above and foregoing reasons, the November 23, 1998 judgment of the trial' court, setting aside the community property agreement entered into between petitioner, Antoinette Proctor Baechle, and defendant, Keith Andrew Baechle, is reversed and plaintiffs suit is dismissed with prejudice, at his costs. All costs of appeal are hereby assessed against Keith Andrew Baechle.
REVERSED.

. Mrs. Baechle is referred to interchangeably throughout the trial transcript and record as Mrs. Baechle and Mrs. Seal, presumably her married name at the time of trial. We will refer to her as Mrs. Baechle as indicated in the caption of the record.

. Mrs. Baechle testified that an appraisal was performed on the community home in 1982, and on the rental property in which the parties owned a one-half interest in 1992. These appraisals, however, were not introduced at trial nor do they necessarily establish the fair market value of the respective properties at the time of the agreement in 1993.

. Mrs. Baechle contends that while the trial court considered portions of "the letter” in finding that the agreement was lesionary, it failed to consider other pertinent portions concerning classification of certain assets. While there may be merit to these claims, as the settlement agreement discusses "final settlement” of the community, we pretermit these issues.